IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| EDWARD O'BRIAN WILLIAMS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| V. ) | CV-5:12-cv-01026-AKK |
| ) | |
| VALLEY SERVICES, INC. ) | JURY DEMAND |
| ) | |
| DEFENDANT. ) | |
| ) | |

## AMENDED COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a; through 42 U.S.C. Section 1981.

### II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(b).

1

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and 42 U.S.C. Section 2000e *et seq*. Plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed his lawsuit within 90 days of the receipt of his Right-To-Sue Letter from the EEOC.

## III. PARTIES

4. Plaintiff, Edward O'Brian Williams, is an African-American male, a citizen of the United States, and a resident of the State of Alabama.

5. Plaintiff was an employee of Defendant until Defendant terminated him on May 26, 2011.

6. Defendant, Valley Services, Inc. is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

## IV. FACTS

7. Plaintiff initially started working for Defendant as a driver on May 27, 2004. After a break in his employment, he returned to Defendant and worked as a driver out of Defendant's Russellville, Alabama unit, from January 22, 2007 until Defendant terminated him on May 26, 2011.

8. As a driver, Plaintiff prepared and delivered meals to government-supported

recipients, including Senior Centers and Meals on Wheels.

9. Despite Plaintiff's good performance, Defendant paid less senior white drivers a higher salary than Plaintiff received.

10. At times Plaintiff performed the duties of the higher paid position of Back-Up-Driver, but Defendant refused to pay Plaintiff for that higher paid position.

11. In late May, 2011, Plaintiff learned that a higher paying Back-Up-Driver position had been filled by a less qualified white driver, and Defendant only interviewed white employees for that job.

12. In late May, 2011, Plaintiff complained to the Unit Manager, Trixie Heath, who is white, and the Driver Supervisor, Scotty Prince, who is also white, that Defendant had discriminated against him because of his race by promoting a white co-worker to a higher paying position that had not been posted. Plaintiff further pointed out that Defendant did not inform him of the vacancy. Plaintiff further complained that Scotty Prince would harass him, by taking pictures of him, whenever he talked to a white co-worker.

13. On May 26, 2011, shortly after Plaintiff complained of racial discrimination, Manager Heath terminated Plaintiff for allegedly because his "behavior has become so erratic that it was creating intolerable conditions for everyone in the workplace..." However, the only thing Plaintiff did was to complain of racial

discrimination.

14. At the time of his termination, Defendant gave Plaintiff an exit performance evaluation which did not rank Plaintiff as unsatisfactory in any category, including categories related to behavior. Indeed, the evaluation indicated Plaintiff's performance was "good" in numerous areas including "Teamwork" and "Corporation", and said he was "satisfactory" in his "Ability to Work With Others."

15. White employees and employees who have not complained of discrimination have not been similarly terminated for engaging in nearly identical conduct which Defendant's alleges is its reason for terminating Plaintiff.

16. Defendant replaced Plaintiff with a white employee.

17. Defendant's stated reasons for terminating Plaintiff are false and a pretext for discrimination on the basis of Plaintiff's race and/or the Plaintiff's act of opposing discrimination.

V. **CAUSES OF ACTION**

    A. **COUNT I — RACIAL DISCRIMINATION IN WAGES**

18. Plaintiff re-alleges and incorporates by reference paragraphs 1-17 above with the same force and effect as if fully set out in specific detail herein below.

19. During the course of Plaintiff's employment, Defendant discriminated against

Plaintiff by not paying him properly for the work he performed and by paying less qualified white employees higher wages for the same work.

20. Defendant failed to properly pay Plaintiff because of his African-American race.

21. Defendant failed to articulate a legitimate non-discriminatory reason for discriminating against Plaintiff in the wages it paid him as compared to white workers.

22. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

23. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is his only means of securing adequate relief.

24. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**B.   COUNT II – RACIAL DISCRIMINATION IN PROMOTIONS**

25. Plaintiff re-alleges and incorporates by reference paragraphs 1-24 above with the same force and effect as if fully set out in specific detail herein below.

26. During the course of Plaintiff's employment, Defendant discriminated against

Plaintiff by not promoting him to higher paying positions, such as Back-Up-Driver.

27. Defendant accomplished this racial discrimination by selecting less qualified white employees for higher paying positions, including Back-Up-Driver, without posting the positions, and only interviewing white employees for the position.

28. In the spring of 2010, Defendant selected at least one less qualified white employee over Plaintiff for the Back-Up-Driver position. Such positions are also valuable to Plaintiff, because they are a step towards even higher paid driver positions.

29. Defendant failed to articulate a legitimate non-discriminatory reason for discriminating against Plaintiff in promotions.

30. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

31. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is his only means of securing adequate relief.

32. Plaintiff is now suffering, and will continue to suffer, irreparable injury from

Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## C. COUNT III – RACIALLY DISCRIMINATORY TERMINATION

33. Plaintiff re-alleges and incorporates by reference paragraphs 1-32 above with the same force and effect as if fully set out in specific detail herein below.

34. During the course of Plaintiff's employment, Defendant discriminated against Plaintiff by terminating him while not terminating similarly situated white employees who engage in nearly identical conduct.

35. Defendant terminated Plaintiff because of his African-American race.

36. Defendant failed to articulate a legitimate non-discriminatory reason for terminating Plaintiff.

37. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

38. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is his only means of securing adequate relief.

39. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**D.     Count IV – Retaliatory Termination**

40. Plaintiff re-alleges and incorporates by reference paragraphs 1-39 above with the same force and effect as if fully set out in specific detail herein below.

41. Plaintiff opposed discrimination and engaged in protected activity by complaining to his supervisor and manager that he was being racially discriminated against.

42. In response to Plaintiff's opposition to discrimination and engagement in protected activity, Defendant retaliated against Plaintiff by terminating him.

43. Defendant failed to articulate a legitimate non-discriminatory reason for terminating Plaintiff.

44. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

45. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

46. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI. DAMAGES

47. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violate the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, and 42 U.S.C. Section 1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, and 42 U.S.C. Section 1981.

3. Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a, 42 U.S.C. Section 1981, enter an

Order requiring Defendant to make Plaintiff whole by reinstating him into the position he would have occupied in the absence of race discrimination and retaliation or awarding him front pay, awarding him back-pay (plus interest), nominal damages, liquidated damages, lost seniority, benefits, loss of pension, compensatory damages, punitive damages and post judgment interest.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

_____
Jon C. Goldfarb asb-5401-f58j
Daniel E. Arciniegas asb-7809-d67a
L. William Smith asb 8660-a61s
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Quinn & Pantazis, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS:**
Valley Services, Inc.
c/o C T Corporation System
2 North Jackson St, Ste 605
Montgomery, AL 36104