IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **EDWARD O'BRIAN WILLIAMS** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case No. 5:12-cv-01026-AKK |
| ) | |
| **VALLEY SERVICES, INC.** ) | |
| ) | |
| Defendant. ) | |

### REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on June 20, 2012 and was attended by:

Jon C. Goldfarb, Esq., for Plaintiff Edward O'Brian Williams

Lynlee Wells Palmer, Esq., for Defendant Valley Services, Inc.

1. **Case Synopsis:** African-American Plaintiff Edward O'Brian Williams alleges that Defendant Valley Services, Inc. discriminated against him on the basis of his race with regard to his wages and job position and retaliated against him after he made a complaint of discrimination. Defendant Valley Services, Inc. denies Plaintiff's allegations and contends that it had legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons for all employment decisions made with regard to Plaintiff.

2. **Discovery:** All discovery is to be commenced in time to be completed by *May 21, 2013*.

3. **Initial Disclosures:** The parties will exchange the information required by Local Rule 26(a)(1) by *July 6, 2012*.

4. **Electronically Stored Information:** To the extent it exists, relevant, non-privileged electronic information will be produced by the parties in either PDF

or hardcopy format, to enable to parties to exchange discoverable information without undue burden or cost. A requesting party may obtain relevant, non-privileged, electronic information in a format other than PDF or hardcopy only upon agreement by the parties or a showing of substantial need to the Court for such information in that format. The parties agree to the entry of an order regarding claims of privilege or of protection with respect to the inadvertent production of any privileged material that will allow the producing party to claw back such inadvertently produced document(s) and will further require that such party produce a privilege log as to any such document.

5. **Limitations on Interrogatories:** Maximum of *30* interrogatories (including discrete subparts) by each party to any other party. Responses due 30 days after service unless otherwise agreed by the parties.

6. **Limitation on Requests for Production:** Maximum of *40* requests for production (including discrete subparts) by each party to any other party. Responses due 30 days after service unless otherwise agreed by the parties.

7. **Limitations on Requests for Admission:** Maximum of *25* requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed by the parties.

8. **Limitations on Depositions:** Maximum of *10* depositions by Plaintiff and *10* depositions by Defendant. Each deposition is limited to a maximum of *7* hours unless extended by agreement of the parties or order of the Court.

9. **Reports from retained experts under Fed. R. Civ. P. 26(a)(2):** Due from Plaintiff by *December 21, 2012*, and from Defendant by *January 21, 2013*.

10. **Supplementation of disclosures and discovery under Fed. R. Civ. P. 26(e) are due** as soon as reasonably possible after new information is discovered, but no later than the close of discovery.

11. **Parties and Pleadings:** Plaintiff is allowed until *November 19, 2012* to join additional parties and to amend the pleadings. Defendant is allowed until *December 19, 2012* to join additional parties and to amend the pleadings.

12. **Dispositive Motions:** All potentially dispositive motions should be filed by *June 21, 2013.*

13. **Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) and lists of depositions designations for trial testimony** must be served and filed *twenty-one (21) days* before the pretrial conference. The parties shall have *fourteen (14) days* after service of final lists of witnesses and exhibits to file objections under Fed. R. Civ. P. 26(a)(3).

14. **Motions in Limine:** All motions in limine should be filed *15 days* **prior to trial.**

15. **Additional Conferences:** **Final pretrial conference** will be held on *August 22, 2013*.

16. **Mediation:** Settlement cannot be evaluated at this early stage in the litigation, but the parties will revisit settlement, including the propriety of alternative dispute resolution, as discovery progresses.

17. This case will be trial-ready by *September 23, 2013.*

   **Estimated trial time:** *2-3 days.*

18. **Other Items:**

The parties do not request a conference with the Court before entry of the Scheduling Order.

The parties anticipate the need for a protective order covering confidential, private and/or proprietary documents, and will work to reach an agreement on its terms. The parties also anticipate the need for a HIPAA Protective Order, and agree to the entry of the Court's standard HIPAA Protective Order for this purpose.

DONE this the 21st day of June 2012.

Respectfully submitted,


/s/ Lynlee Wells Palmer
Lynlee Wells Palmer
Gilpin Givhan, P.C.
3595 Grandview Parkway, Suite 400
Birmingham, Alabama 35243
(205) 547-5540
(205) 547-5621 (facsimile)
Email:  lpalmer@GilpinGivhan.com

Attorney for Defendant



/s/ Jon C. Goldfarb
Jon C. Goldfarb
Wiggins, Childs, Quinn & Pantazis, LLC
301-19th Street North
Birmingham, Alabama 35203
(205) 314-0500
(205) 254-1500 (facsimile)
Email: jgoldfarb@wcqp.com

Attorney for Plaintiff