FILED

2012 Oct-29  PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **EDWARD O'BRIAN WILLIAMS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | )    **Case No. 5:12-cv-01026-AKK** |
| | ) |
| **VALLEY SERVICES, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), for good cause shown by agreement of all parties, it is hereby ORDERED:

1.     Discovery in this matter may involve requests from Plaintiff for documents containing confidential, proprietary information pertaining to Defendant Valley Services, Inc.  To protect Defendant's proprietary interests, such documents shall be treated as confidential under the terms of this Order, and those documents copied by or at the request of Plaintiff or his counsel shall be designated as "CONFIDENTIAL INFORMATION" in the manner set forth in this Order.  Discovery in this matter may also involve requests from Plaintiff for information pertaining to current, former or prospective employees of Defendant Valley Services, Inc.  To protect the privacy interests of those individuals, such documents shall be treated as confidential under the terms of this Order, and those

documents copied by or at the request of Plaintiff or his counsel shall be designated as "CONFIDENTIAL INFORMATION" in the manner set forth in this Order. Discovery in this matter also involves requests from Defendant for documents containing financial, medical and/or psychological information about Plaintiff. To protect the privacy interests of Plaintiff, such documents shall be treated as confidential under the terms of this Order, and those documents copied by or at the request of Defendant or its counsel shall be designated as "CONFIDENTIAL INFORMATION" in the manner set forth in this Order.

2. All documents designated "CONFIDENTIAL INFORMATION" shall be identified as confidential information by placing the word "CONFIDENTIAL" on the face of such documents.

3. The parties and their counsel shall not give, show or otherwise divulge any CONFIDENTIAL INFORMATION produced in this action by the parties, or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except employees, experts and consultants employed or retained by the parties' counsel in connection with this action; court personnel; court reporters; and persons noticed for depositions or potential trial witnesses to the extent reasonably necessary in preparing to testify in this lawsuit. The parties and their counsel shall use the CONFIDENTIAL INFORMATION only for purposes of this litigation.

4.     The employees, experts and consultants of the parties' counsel to which such CONFIDENTIAL INFORMATION is intended to be presented, shall first be presented with a copy of this protective order and instructed to read the same.  These employees, experts and consultants shall use said CONFIDENTIAL INFORMATION only for the purposes of this litigation and shall not give, show or otherwise divulge any CONFIDENTIAL INFORMATION, or the substance or contents thereof, or any copies or summaries thereof, to any other entity or person without prior approval of Court.

5.     Upon written request of producing party, within 45 days of the final termination of this action, whether via completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this Order shall return to counsel for the producing party all CONFIDENTIAL INFORMATION, including any and all copies, prints, negatives or summaries thereof, and including any and all copies, prints, negatives and summaries in the possession of employees, experts or consultants employed or retained by the parties' counsel, except those items compromising any appellate record, trial court record, privileged communications or attorney work product.     The parties' counsel shall maintain all CONFIDENTIAL INFORMATION in a secure location for a period of six (6) years after the final termination of this action for the sole purpose that said

3

CONFIDENTIAL INFORMATION may be made available to counsel for parties if a need arises for same in relation to any potential claims which may be asserted against parties' counsel regarding the quality of legal representation of the parties.

6.     Before seeking Court approval for disclosure of CONFIDENTIAL INFORMATION for purposes not provided in this Protective Order, the parties' counsel must confer and attempt to reach agreement on the extent of further disclosure.  Counsel must advise the Court of their compliance with the preceding sentence and their agreement or lack thereof when seeking prior approval for further disclosure.

7.     If parties' counsel is served with a subpoena for any CONFIDENTIAL INFORMATION, the person served shall give to counsel for the parties seven (7) days notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing any CONFIDENTIAL INFORMATION demanded in the subpoena.

8.     Nothing in this Order shall prejudice the parties' right to make any use of, or disclose to any person, the parties' own material designated as CONFIDENTIAL INFORMATION, during the course of their respective normal business operations, without prior Court order, or to waive the provisions of this Order with respect to any CONFIDENTIAL INFORMATION.

4

9.     Nothing in this Order shall prevent or affect the right of any party to use any CONFIDENTIAL INFORMATION at trial; however, the parties will approach the Court regarding the procedures for handling CONFIDENTIAL INFORMATION prior to the commencement of trial.

10.    If a party intends to file CONFIDENTIAL INFORMATION with the court, the party shall first confer with the counsel for the opposing party to determine whether such CONFIDENTIAL INFORMATION should be (a) filed without change; (b) redacted to protect its confidentiality; or (c) filed under seal. If the parties determine that the CONFIDENTIAL INFORMATION should be filed under seal, one or both parties will file a motion with the Court to file said CONFIDENTIAL INFORMATION under seal. If the Court grants the motion, either party may then file the CONFIDENTIAL INFORMATION under seal via the Court's CM/ECF system under the "Sealed Document" event. Instructions for filing documents under seal are found in the Administrative Policy Governing Electronic Filing and Service. CONFIDENTIAL INFORMATION may be filed with the Court without being under seal ONLY IF the parties have previously agreed, in writing, that such CONFIDENTIAL INFORMATION does not require the documents to be filed under seal, or IF the Court has denied a motion to file that particular CONFIDENTIAL INFORMATION under seal.

5

DONE and ORDERED this _____ day of _____, 2012.

_____
UNITED STATES DISTRICT JUDGE